UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

JOHN J. TORPEY, JOHN ENRIGHT,
CHRISTOPHER SHEERAN, PATRICK DOLAN, JR.,
PATRICK NORTON, VINCENT J. CURRAN, JR.,
ROBERT EGAN, JR., WILLIAM WANGERMAN,
RAYMOND DEAN, JR., JOHN O'CONNELL,
JAMES ELDER, RAYMOND HOPKINS, EDWARD
ENGLISH, ROCCO ABBATE, ARTHUR KLANSKY
JOHN DIERKS, JEFF PORRELLO, RICHARD
THOMPSON, TERENCE FARRELL, DONALD
BURNS, JOHN KRITIS and WILLIAM
McMORROW, SR., as TRUSTEES OF THE
STEAMFITTERS LOCAL 638 PENSION FUND,
SUPPLEMENTAL RETIREMENT FUND,
SECURITY BENEFIT FUND, VACATION FUND
AND EDUCATIONAL FUND and ENTERPRISE
ASSOCIATION OF PIPE FITTERS AND
APPRENTICES OF GREATER NEW YORK,
NASSAU AND SUFFOLK COUNTIES AND
VICINITY LOCAL UNION 638 OF THE UNITED
ASSOCIATION OF JOURNEYMEN AND
APPRENTICES OF THE PLUMBING AND PIPE
FITTING INDUSTRY OF THE UNITED STATES
AND CANADA, AFL-CIO,

                                        Plaintiffs,

        - against –


TM&M MECHANICAL CORPORATION,
TM&M SPRINKLER CORP., and TRI-STATE
FIRE PROTECTION CORPORATION,

                                        Defendant(s).

------------------------------------------------------------------------X

Civil Action No.:

COMPLAINT



        Plaintiffs, by their attorneys, COLLERAN, O'HARA & MILLS L.L.P. complaining of

Defendant(s), respectfully allege:

### JURISDICTION AND VENUE

        1.      Jurisdiction is conferred upon this Court by the Employee Retirement Income

Security Act of 1974, as amended, (hereinafter "ERISA") Sections 502 and 515, 29 U.S.C.

Sections 1132 and 1145; and the Labor Management Relations Act (hereinafter "LMRA") as

amended, Section 301, 29 U.S.C. Section 185.

2.    Venue within this district is proper pursuant to LMRA Section 301, 29 U.S.C. Section 185; ERISA Section 502(e)(2), 29 U.S.C. Section 1132(e)(2); and 28 U.S.C. Section 1391(b).

<u>NATURE OF ACTION</u>

3.    This action is brought by fiduciaries of welfare and pension benefit plans established pursuant to and in accordance with the requirements of the LMRA Section 302, as amended, 29 U.S.C. Section 186 ("Taft Hartley" plans) to enforce the relevant provisions of the enabling trust indentures, applicable collective bargaining agreements and statutory obligations imposed on defendant by ERISA Section 515, 29 U.S.C. Section 1145 and LMRA Section 301(a), 29 U.S.C Section 185(a).

4.    Plaintiffs, JOHN J. TORPEY, JOHN ENRIGHT, CHRISTOPHER SHEERAN, PATRICK DOLAN, JR., PATRICK NORTON, VINCENT J. CURRAN, JR., ROBERT EGAN, JR., WILLIAM WANGERMAN, RAYMOND DEAN, JR., JOHN O'CONNELL, JAMES ELDER, RAYMOND HOPKINS, EDWARD ENGLISH, ROCCO ABBATE, ARTHUR KLANSKY, JOHN DIERKS, JEFF PORRELLO, RICHARD THOMPSON, TERENCE FARRELL, DONALD BURNS, JOHN KRITIS and WILLIAM MCMORROW, SR., AS TRUSTEES OF THE STEAMFITTERS LOCAL 638 PENSION FUND, SUPPLEMENTAL RETIREMENT FUND, SECURITY BENEFIT FUND, VACATION FUND AND EDUCATIONAL FUND (hereinafter "TRUSTEES" or "FUNDS") are, at all relevant times, fiduciaries within the meaning of ERISA Section 3(14)(A) and 502 of employee welfare benefit plans and employee pension benefit plans as defined in ERISA Section 3(1) and (2), 29 U.S.C. Sections 1002(1) and (2), established and maintained by employers engaged in commerce and by a labor organization representing employees engaged in commerce and in an industry affecting commerce, and, further, qualify as multi-employer plans within the meaning of ERISA Section 3(37)(A), 29 U.S.C. Section

2

1002(37)(A), with its principal offices located at 5 Penn Plaza, New York, New York 10001.

5.      Defendants, TM&M MECHANICAL CORPORATION, TM&M SPRINKLER CORP., and TRI-STATE FIRE PROTECTION CORPORATION (hereinfter "TM&M", "TRI-STATE" or "DEFENDANT(S)"), upon information and belief, is and were, at all relevant times, corporations duly organized and existing pursuant to the laws of the State of New York with its principal places of business at 134 West 32nd Street and 225 West 36th Street, New York, New York.

6.      DEFENDANT(S) are and were at all relevant times, engaged in an industry affecting commerce and is an "employer" within the meaning of the National Labor Relations Act (hereinafter "NLRA") Sections 2(2) and 301(a), 29 U.S.C. 152(2) and 185(a), and ERISA Sections 3(5) and 515, 29 U.S.C. 1002(5) and 1145.

7.      TM&M and TRI-STATE have and continue to operate as a single employer and/or alter-ego. TM&M is, upon information and belief, owned by John Timothy. TRI-STATE is, upon information and belief, owned by Barbara Timothy, his wife. The companies share common employees, customers, offices, management, equipment and operate as a double-breasted operation performing covered work under the LOCAL 638 collective bargaining agreement in the New York Metropolitan area. Some of the companies' work is performed by members of LOCAL 638; other work is performed by employees who either should be members of LOCAL 638 or are members of LOCAL 638 "off-the-books" in an effort to evade detection by, inter alia, the FUNDS' auditors.

8.      The vast majority of TM&M/TRI-STATE employees who are members of LOCAL 638 are veteran steamfitters in an industry where the average member works between 1750 and 2000 hours per year. By contrast, TM&M/TRI-STATE reports that employees who are members of LOCAL 638 working for the DEFENDANT(s) work between 500 hours to 750 hours below the average; these well-below average "reported" hours are just enough to qualify these employers for health coverage and pension credits. Simultaneously, TM&M/TRI-STATE pays each of these members additional compensation.

over and above the contractual wage rate, on average, between $250 to $400 per week. These individuals reported hours varies from 21-28 hours per week, when the full work week is 35 hours. By reason of this subterfuge, the FUNDS have been damaged in the contributions amount of approximately THREE HUNDRED THOUSAND DOLLARS ($300,000.00).

9.      Two individuals, William Jefferson and Bobby Cuffy, long time employees of TM&M/TRI-STATE, have performed covered work for or on behalf of the companies within the territorial jurisdiction of LOCAL 638, without receiving a single hour in benefits. Their wage rate was far below the contractually provided for rate. By reason of this subterfuge, the FUNDS have been damaged in an undetermined amount.

10.      TM&M/TRI-STATE operate two "fabrication" shops, one in Manhattan and the other, on information and belief, in Patterson, New Jersey. In these "fabrication" shops, individuals assemble materials for installation on various jobsites throughout LOCAL 638's territorial jurisdiction. This off-site assembly of materials described in the covered work clause is a direct violation of Rule V of the collective bargaining agreement between LOCAL 638 and TM&M/TRI-STATE. By reason of this subterfuge, TM&M/TRI-STATE is indebted to the FUNDS in an undetermined amount.

## AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS

11.      Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "10" of this Complaint with the same force and effect as through the same were set forth at length herein.

12.      At all relevant times, Defendants (TM&M and TRI-STATE), are in a collective bargaining relationship with LOCAL 638.

13.      By reason of the aforementioned, at all relevant times, Defendants, TM&M and TRI-STATE were and remain bound by the terms and conditions of the applicable

4

collective bargaining agreements and trust indentures.

14.    The applicable collective bargaining agreements and trust indentures provide, inter alia, for an employer to submit to an audit of its books and records and to pay contributions to the FUNDS on behalf of its employees who perform covered employment under such agreements.

15.    Since January 1, 2005 through the present, participants in the FUNDS performed covered employment on behalf of Defendants, TM&M and TRI-STATE. TM&M and TRI-STATE have consistently underreported the number of hours of covered work by many, if not all of its employees.

16.    Defendants, TM&M and TRI-STATE, have breached the applicable collective bargaining agreements and trust indentures by failing, refusing or neglecting to make proper contributions to the FUNDS for the period January 1, 2005 through the present in a sum of approximately THREE HUNDRED THOUSAND DOLLARS ($300,000.00).

17.    Such deficiency is allocated to the specific FUNDS as a direct and proximate result of defendant's breach of the aforementioned agreements as follows:

| | |
|---|---|
| WELFARE FUND: | $ To be Determined |
| PENSION FUND: | $ To be Determined |
| ANNUITY FUND: | $ To be Determined |
| VACATION FUND: | $ To be Determined |
| EDUCATION FUND: | $ To be Determined |
| INDUSTRY PROMOTION FUND: | $ To be Determined |
| TOTAL: | $ To be Determined |

18.    As a direct and proximate result of the defendant's breach of its contractual obligations, the Plaintiffs have been damaged in the sum of approximately THREE HUNDRED THOUSAND DOLLARS ($300,000.00) together with interest at the legal maximum rate since January 1, 2005, liquidated damages, reasonable attorneys' fees and the costs and disbursements of this action pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g).

## AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANTS

19.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "18" of the Complaint with the same force and effect as though set forth at length herein.

20.    The FUNDS are multi-employer plans as defined in ERISA Section 3(37)(A), 29 U.S.C. Section 1002(37)(A).

21.    Pursuant to the terms and conditions of the applicable collective bargaining agreements and trust indentures, DEFENDANT(s), TM&M and TRI-STATE, are employers obligated to make contributions to the various FUNDS at the rates established by the applicable collective bargaining agreements.

22.    Defendants are statutorily required to make contributions to the FUNDS pursuant to ERISA Section 515, 29 U.S.C. Section 1145.

23.    Defendant has failed, neglected and/or refused to contribute to the FUNDS by consistently and deliberately underreporting hours to the FUNDS.

24.    As a direct and proximate result of defendant's violation of its statutory duty to contribute to the FUNDS, plaintiffs have been damaged in a sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in unpaid contributions, together with statutory remedies including pre-judgment interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and the costs and disbursements of this action pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g).

## AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANTS

25.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "24" of this Complaint with the same force and effect as though the same were set forth at length herein.

26.     Defendants have deliberately attempted to evade their responsibilities to the FUNDS by failing, refusing and/or neglecting to remit contributions to the FUNDS for covered employment performed by Jefferson and Cuffy, in an amount to be determined at trial, plus statutory and contractual remedies, including, without limitation, interest, liquidated damages, reasonable attorneys fees, and the costs and disbursements of this action pursuant to ERISA Section 502(g), 29 U.S.C. §1132(g).

27 .     For the period from January 1, 2005 through the present date, others as yet unknown participants in the FUNDS performed covered employment on behalf of defendants, TM&M and TRI-STATE.

28.     Defendants have breached the applicable collective bargaining agreements and trust indentures by failing, refusing or neglecting to make contributions on behalf of these participants for covered work for the period January 1, 2005 through the present date, and as a result the Defendants have damaged the Plaintiff in an undetermined amount.

### AS AND FOR A FOURTH CAUSE OF ACTION

29.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "28" of this Complaint with the same force and effect as though the same were set forth at length herein.

30.     Defendants, by operating off-site "fabrication" shops, in violation of the CBA, have damaged the FUNDS in an undetermined amount, plus interest, liquidated damages, reasonable attorneys fees and the costs and disbursements of this action pursuant to ERISA Section 502(g), 29 U.S.C.§132(g).

WHEREFORE, plaintiffs demand Judgment against Defendant:

(a)     ON THE FIRST CAUSE OF ACTION:

-For THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in unpaid contributions to the FUNDS against defendant;

-For other damages consisting of interest at the legal maximum rate since January 1, 2005, liquidated damages, reasonable attorneys' fees and the costs and disbursements of this action; and

-For such other and further relief as to this Court deems just, proper and equitable.

(b)    ON THE SECOND, THIRD and FOURTH CAUSES OF ACTION:

-For an amount to be determined in unpaid contributions to the FUNDS against defendant;

-For Statutory damages against defendant consisting of pre-judgment interest and liquidated damages on the unpaid contributions to the FUNDS, reasonable attorneys' fees, and the costs and disbursements of this action; and

-For such other and further relief as to this Court deems just, proper and equitable.

Dated:  Garden City, New York
        May 9, 2008

                                    Yours,

                                    COLLERAN, O'HARA & MILLS
                                    Attorneys for Plaintiffs

                                    By
                                    DENIS A. ENGEL (DAE-7796)
                                    1225 Franklin Avenue
                                    Suite 450
                                    Garden City, New York  11530
                                    (516) 248-5757
                                    dae@cohmlaw.com

TO:    CLERK
       United States District Court
       Southern District of New York
       40 Foley Square
       New York, New York  10007

TM&M MECHANICAL CORPORATION,
TM&M SPRINKLER CORP. and TRI-STATE
FIRE PROTECTION CORPORATION
225 West 36th Street
New York, New York 10018
     and
134 West 32nd Street
New York, New York 10018